J-S96023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DAVON L. CLARK | |
| Appellant | No. 770 WDA 2016 |

Appeal from the PCRA Order April 28, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0003571-2002

BEFORE:  BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 31, 2017**

Davon L. Clark appeals from the April 28, 2016 order dismissing his fourth PCRA petition as untimely.  We affirm.

On April 7, 2004, a jury convicted Appellant of one count each of burglary, attempted rape, and aggravated assault, and two counts of aggravated indecent assault.  In the early morning hours of August 16, 2002, Appellant entered the bedroom of K.O., and placed his fingers inside her vagina.  After K.O. awoke and screamed, Appellant put a knife against her throat, and told her that he was going to have sex with her.  Appellant commanded the victim to remove her clothing, but she pushed Appellant onto the floor.  As he fell, Appellant inflicted injuries on the victim's neck and shoulder.  K.O. escaped the room and started to scream for her roommates.  Appellant fled, but his fingerprints were discovered at the point of entry into

K.O.'s residence. Appellant was sentenced to fifteen years and nine months to thirty-one years and six months incarceration. On February 10, 2006, we affirmed, ***Commonwealth v. Clark***, 897 A.2d 515 (Pa.Super. 2006), and Appellant did not seek further review.

Appellant filed a timely PCRA petition on March 7, 2006, counsel was appointed, and counsel filed an amended petition. After an evidentiary hearing, PCRA relief was denied. On appeal, we affirmed the denial of PCRA relief. ***Commonwealth v. Clark***, 964 A.2d 431 (Pa. Super. 2008), *appeal denied*, 970 A.2d 428 (Pa. 2009). On June 24, 2009, Appellant filed a second PCRA petition *pro se*. The court ordered PCRA counsel to continue representation, and PCRA counsel filed a no-merit letter and petition to withdraw. On January 7, 2010, PCRA relief was denied for a second time, and counsel was permitted to withdraw.

In 2011, Appellant filed three additional *pro se* documents consisting of a motion for waiver of collection of costs, fines and restitution, a motion to modify sentence, and a motion asking to file a motion to modify sentence *nunc pro tunc*. Those motions were denied that year. On December 4, 2014, Appellant filed his third request for post-conviction relief and also asked that counsel be appointed. Relief was denied on January 26, 2015.

On March 7, 2016, Appellant filed his fourth PCRA petition, claiming entitlement to relief under ***Miller v. Alabama****,* 132 S.Ct. 2455 (2012), and ***Montgomery v. Louisiana****,* 136 S.Ct. 718 (2016). The United States

Supreme Court held in *Miller* that it was unconstitutional under the Eighth Amendment's prohibition against cruel and usual punishment to sentence a juvenile homicide offender to a mandatory term of life imprisonment without parole, and *Montgomery* accorded full retroactive effect to the *Miller* decision. Appellant's March 7, 2016 PCRA petition was filed within sixty days of when *Montgomery* was decided. The PCRA court concluded that *Miller*, and, concomitantly, *Montgomery* were inapplicable in this action and denied relief. This appeal followed.

On appeal, Appellant asserts that his present PCRA petition is timely filed as *Montgomery* created a new constitutional right that is applicable to him. Specifically, he maintains that *Montgomery* rendered retroactive the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the Court held that, under the Sixth Amendment's right to a jury trial, facts "that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt." *Id*. at 2163.

Initially, we note that this Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa. Super. 2016) (quoting *Commonwealth v. Treiber,* 121 A.3d 435, 444 (Pa. 2015)).

All PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted); **see also Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In this case, we affirmed Appellant's judgment of sentence on February 10, 2006, and it became final thirty days thereafter, or on March 12, 2006, since he did not seek review in our Supreme Court. Appellant had until March 12, 2007, to file a timely PCRA petition, and the present March 7, 2016, is nearly nine years out of time. There are three exceptions to the one-year time bar of § 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the

Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).

Appellant invokes the newly-recognized constitutional right exception, claiming that *Montgomery* rendered the new constitutional right announced in *Alleyne* retroactive. Appellant's claim is misguided. As the PCRA court noted, *Montgomery* held that *Miller* was retroactive. *Miller* ruled that it was unconstitutional to sentence a juvenile homicide offender to an automatic term of life imprisonment without parole. Herein, Appellant was not convicted of homicide, and a sentence of life imprisonment without parole was not imposed upon him. Additionally, the sentencing transcript indicates that Appellant was approximately twenty years old when he committed this offense. N.T. Sentencing, 9/29/04, at 191. Since Appellant was not a juvenile on August 16, 2002, *Miller* is inapposite for that additional reason. *See Commonwealth v. Lawson*, 90 A.3d 1 (Pa.Super. 2014) (adult homicide offenders do not fall under *Miller's* holding). *Montgomery*, which discussed only the *Miller* case, did not retroactively apply a constitutional right enjoyed by Appellant.

Additionally, *Alleyne*, which Appellant invokes on appeal, is not retroactive in the PCRA setting. *Commonwealth v. Washington*, 142 A.3d 810, 811 (Pa. 2016) (holding that *Alleyne* does not apply retroactively "to

attacks upon mandatory minimum sentences advanced on collateral review.").

As the PCRA court did not abuse its discretion or commit an error of law, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017